**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000504
19-JUN-2013
10:23 AM**

NO. CAAP-12-0000504

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MARTEZ V. GRIFFIN, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CRIMINAL NO. 11-1-2255)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Defendant-Appellant Martez V. Griffin (Griffin) appeals from the "Judgment Of Conviction And Sentence; Notice of Entry" entered January 12, 2012, in the Family Court of the First Circuit[1] (family court). Following a jury-waived trial, the family court convicted Griffin of one count of Abuse of Family or Household Members, in violation of Hawaii Revised Statutes § 709-906(1) (Supp. 2012) and sentenced Griffin to two days of imprisonment and two years of probation.

On appeal, Griffin contends the family court erred when it:

(1) admitted hearsay testimony under the excited utterance and/or present sense impression exceptions; and

---

[1] The Honorable Linda S. Martell presided.

(2) convicted Griffin with insufficient evidence to show Griffin caused visible bodily injury to the Complaining Witness (CW).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Griffin's appeal is without merit.

(1) Griffin contends the family court erred when it allowed, under the excited utterance and/or present sense impression exceptions and over his objections, two police officers to testify about statements made by CW.

Assuming *arguendo* the family court erred in admitting CW's statements under the excited utterance and/or present sense impression exceptions, such error was harmless beyond a reasonable doubt in light of the substantial evidence in the record to support Griffin's conviction. Two eyewitnesses testified to having seen Griffin pull or drag CW by the hair and arm before forcefully shoving CW into the side of a parked truck. CW's statements to the police officers were similar to the testimony offered by the two eyewitnesses. An erroneously admitted statement is a harmless error where the statements are cumulative of other properly admitted evidence. State v. Crisostomo, 94 Hawai'i 282, 290, 12 P.3d 873, 881 (2000). Any error in admitting CW's statements to the police officers was harmless since these statements were cumulative of the testimony of the two eyewitnesses.

(2) Griffin contends that without the hearsay testimony, the State of Hawai'i provided insufficient evidence to prove Griffin caused any visible bodily injury to CW. Sufficient evidence to support a conviction is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion[.]" State v. Fields, 115 Hawai'i 503, 530, 168 P.3d 955, 982 (2007) (citing State v.

Martinez, 101 Hawai'i 332, 338-39, 68 P.3d 606, 612-13 (2003)). Evidence is considered in light most favorable to the prosecution, barring any erroneously admitted evidence which is excluded from review. Id.

In this case, the second police officer testified that he observed "redness and swelling" on the left side of CW's head. This testimony, in addition to the testimony of the two eyewitnesses that stated Griffin pulled CW by the hair, was sufficient to establish that Griffin's actions caused injury to CW. Therefore, even excluding the hearsay testimony, there is sufficient evidence to support Griffin's conviction.

Therefore,

IT IS HEREBY ORDERED that the "Judgment Of Conviction And Sentence; Notice of Entry" entered January 12, 2012 in the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, June 19, 2013.

On the briefs:

Phyllis J. Hironaka
Deputy Public Defender,
for Defendant-Appellant.

Sonja P. McCullen
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge